UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------
In re:                                            )
                                                  )    Chapter       7
CHARLES ATWOOD FLANAGAN,                          )
                                                  )
            Debtor.                               )    Case No.      99-30565 (ASD)
------------------------------------------------------------------
TITAN REAL ESTATE VENTURES, LLC,                  )
                                                  )
            Plaintiff                             )
vs.                                               )    Adv. Pro. No.  04-3146
                                                  )
M.J.C.C. REALTY L.P., et al.,                     )
                                                  )
            Defendants.                           )    Doc. I.D. No. 225
------------------------------------------------------------------

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR STAY PENDING APPEAL**

The Plaintiff, Titan Real Estate Ventures, LLC, (hereafter, "Titan" ) in connection with

an appeal[1] (hereafter, the "Appeal") of this Court's August 9, 2007, Findings of Fact and

Conclusions of Law on Motion for Summary Judgment, Doc. I.D. No.  210, (hereafter, the

"Summary  Judgment  Ruling"),[2]  and  related  Order and Judgment  (hereafter,  the

"Judgment"), Doc. I.D. No. 211, has filed a Motion to Stay Proceeding Pending Appeal

(hereafter, the "Motion for Stay"), Doc. I. D. No. 225, pursuant to Fed. R. Bankr. P.  8005,

seeking a stay of the present proceedings pending a disposition of the Appeal.  A hearing

on the Motion for Stay and the Defendant, M.J.C.C. Realty L.P.'s  (hereafter, MJCC") . . .

Objection to Motion to Stay Proceedings Pending Appeal, Doc. I.D. No.  243, was held

_____

[1]The Plaintiff filed a *Notice of Appeal* on August 17, 2007, Doc. I.D. No. 215.

[2]Familiarity with the Summary Judgment Ruling is assumed.

before this Court on October 17, 2007 (hereafter, the "Hearing").

Related to this matter, on September 13, 2007, upon MJCC's <u>Motion to Discharge</u>

<u>Lis Pendens</u>, Doc. I.D. No.  217, the Court issued a <u>Conditional Order . . .</u> , Doc. I.D. No.

239, permitting, *inter alia*, "MJCC [to] proceed to sell the certain property to a good faith

purchaser for fair market value (*in which event MJCC shall cause the net proceeds of said*

*sale to be held in escrow pending further order of this Court*)"[3] (emphasis added).

The Motion for Stay is governed by a multi-factored analysis distilled by the United

States Supreme Court in  <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987).[4]  Under that

analysis, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to
> succeed on the merits;  (2) whether the applicant will be irreparably injured
> absent a stay;  (3) whether issuance of the stay will substantially injure the
> other parties interested in the proceeding;  and (4) where the public interest
> lies.

<u>Id.</u>

An assessment and weighing of the requisite appellate stay factors compels the

conclusion that a stay of proceedings in this bankruptcy case is not warranted. Accordingly,

---

[3]The Conditional Order also provided that the relevant decretal paragraph might be modified at or incident to the Hearing.

[4]The Court is also mindful of the four part test (hereafter "the <u>Hirschfeld</u> standard") articulated by a number of panels in the United States Court of Appeals for the Second Circuit, and subordinate Courts therein.) *See, e.g.,* <u>Cooper v. Town of East Hampton</u>, 83 F.3d 31, 36 (2d Cir.1996); <u>LaRouche v. Kezer</u>, 20 F. 3d 68, 72 (2d Cir.1994); <u>Hirschfeld v. Board of Elections</u>, 984 F.3d 35, 39 (2d Cir. 1992); <u>In re Country Squire Assoc. of Carle Place, L.P.</u>, 203 B.R. 182, 183 (2d Cir. BAP 1996) ("(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, *(3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal*, and  (4) the public interests that may be affected.")(emphasis added). Guided by <u>Rodriguez v. DeBuono</u>, 162 F.3d 56, 61 (2d Cir.1998)(applying <u>Hilton v. Braunskill</u> without modification), the present matter is resolved through application of the precise multi-factor analysis set forth in <u>Hilton v. Braunskill</u>. *See* <u>In re Altman</u>, 230 B.R. 17, 18 (Bankr. D. Conn. 1999). However, in light of the specific relief fashioned by the Court pursuant to Fed. R. Bankr. P. 8005 "to protect the rights of all parties in interest", application of the <u>Hirschfeld</u> standard would produce the identical result.

**IT IS HEREBY ORDERED** that the Motion for Stay is **DENIED**.

Nevertheless, Fed. R. Bankr. P.  8005 provides, *inter alia*, that the Court "may make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest". In this matter, the Plaintiff, with at least some justification, asserts

> Should the Court not stay the proceedings . . . there is no doubt MJCC through [Cadle] will sell the Property and dissipate the proceeds of the sale, thus effectively mooting the significance of the appeal. The Property is the sole asset of MJCC and as such, once it is dissipated, there are no further assets for Titan to collect against as to MJCC.

Motion for Stay, ¶ 9.

Continuing and modifying the Conditional Order to permit, *inter alia*, "MJCC [to] proceed to sell the certain property to a good faith purchaser for fair market value (in which event MJCC shall cause the net proceeds of said sale to be held in escrow pending further order of this Court, *or any appellate Court considering Plaintiff's appeal of the Summary Judgment Ruling*)"(modified language in italic) is consistent with a weighing of the <u>Hilton v. Braunskill</u> stay factors, serves to protect the rights of both parties in accordance with Fed. R. Bankr. P.  8005, and visits no unwarranted prejudice on either party.

**IT IS SO ORDERED.**

Dated: October 22, 2007                                                      BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge